1   James R. Batchelder (CSB # 136347)
      *james.batchelder@ropesgray.com*
2   Sasha G. Rao (CSB # 244303)
      *sasha.rao@ropesgray.com*
3   **ROPES & GRAY LLP**
    1900 University Avenue, 6th Floor
4   East Palo Alto, California 94303-2284
    Telephone: (650) 617-4000
5   Facsimile: (650) 617-4090

6   Attorneys for Defendant
    HEWLETT-PACKARD COMPANY
7

8              UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11

12  SOFTWARE RESEARCH, INC.,              Case No. 3:11-cv-01676-JSW

13              Plaintiff,                **STIPULATED PROTECTIVE ORDER**

14       v.

15  HEWLETT-PACKARD COMPANY,              JURY TRIAL DEMANDED

16              Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     DEFINITIONS

2.1.     Challenging Party: Party or Non-Party that challenges the designation of information or items under this Order.

2.2.     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3.     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designated House Counsel:  House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.]

2.5.     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2

2.6. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8. <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-by less restrictive means.

2.9 <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10. <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12. <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

3

2.13.   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14.   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15.   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16.   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17.   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1.    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5

5.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or

6

1  other proceeding, all protected testimony and specify the level of protection being asserted.

2  When it is impractical to identify separately each portion of testimony that is entitled to

3  protection and it appears that substantial portions of the testimony may qualify for protection, the

4  Designating Party may invoke on the record (before the deposition, hearing, or other proceeding

5  is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to

6  which protection is sought and to specify the level of protection being asserted. Only those

7  portions of the testimony that are appropriately designated for protection within the 21 days shall

8  be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating

9  Party may specify, at the deposition or up to 21 days afterwards if that period is properly

10  invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

11  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

12           Parties shall give the other parties notice if they reasonably expect a deposition,

13  hearing or other proceeding to include Protected Material so that the other parties can ensure that

14  only authorized individuals who have signed the "Acknowledgment and Agreement to Be

15  Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a

16  deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

17  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

18           Transcripts containing Protected Material shall have an obvious legend on the title

19  page that the transcript contains Protected Material, and the title page shall be followed by a list

20  of all pages (including line numbers as appropriate) that have been designated as Protected

21  Material and the level of protection being asserted by the Designating Party. The Designating

22  Party shall inform the court reporter of these requirements. Any transcript that is prepared before

23  the expiration of a 21-day period for designation shall be treated during that period as if it had

24  been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety

25  unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as

26  actually designated.

27           (c)    for information produced in some form other than documentary and for

28  any other tangible items, that the Producing Party affix in a prominent place on the exterior of

7

the container or containers in which the information or item is stored the legend
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or
"HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the
information or item warrant protection, the Producing Party, to the extent practicable, shall
identify the protected portion(s) and specify the level of protection being asserted.

       5.3.   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent
failure to designate qualified information or items does not, standing alone, waive the
Designating Party's right to secure protection under this Order for such material. Upon timely
correction of a designation, the Receiving Party must make reasonable efforts to assure that the
material is treated in accordance with the provisions of this Order.

      6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

       6.1.   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a
designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's
confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary
economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its
right to challenge a confidentiality designation by electing not to mount a challenge promptly
after the original designation is disclosed.

       6.2.   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute
resolution process by providing written notice of each designation it is challenging and
describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been
made, the written notice must recite that the challenge to confidentiality is being made in
accordance with this specific paragraph of the Protective Order. The parties shall attempt to
resolve each challenge in good faith and must begin the process by conferring directly (in voice
to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of
service of notice. In conferring, the Challenging Party must explain the basis for its belief that
the confidentiality designation was not proper and must give the Designating Party an
opportunity to review the designated material, to reconsider the circumstances, and, if no change
in designation is offered, to explain the basis for the chosen designation. A Challenging Party

8

may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3.     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

9

disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

10

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

[(b) Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed];

(c)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4.    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

11

1    CODE" Information or Items to Designated House Counsel or Experts.

2          (a)(1) Unless otherwise ordered by the court or agreed to in writing by the

3   Designating Party, a Party that seeks to disclose to Designated House Counsel any information

4   or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

5   pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1)

6   sets forth the full name of the Designated House Counsel and the city and state of his or her

7   residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable

8   future primary job duties and responsibilities in sufficient detail to determine if House Counsel is

9   involved, or may become involved, in any competitive decision-making.

10         (a)(2) Unless otherwise ordered by the court or agreed to in writing by the

11   Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

12   information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

13   EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph

14   7.3(c) first must make a written request to the Designating Party that (1) identifies the general

15   categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

16   CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to

17   disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or

18   her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the

19   Expert's current employer(s), (5) identifies each person or entity from whom the Expert has

20   received compensation or funding for work in his or her areas of expertise or to whom the expert

21   has provided professional services, including in connection with a litigation, at any time during

22   the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and

23   location of court) any litigation in connection with which the Expert has offered expert

24

25

26   [1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed

27   without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

28

testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

(d) In addition, with regard to expert reports and discovery, the parties agree that materials relied upon by experts are discoverable. Unless relied upon by the expert, attorney communications to and from an expert, draft expert reports and notes of experts relating to communication to and from attorneys are specifically not discoverable and do not need to be

13

1   logged in a privilege log.  Further, unless relied upon by the expert, attorney communications

2   with an expert in preparation for the expert's deposition or trial testimony are not discoverable

3   and do not need to be logged in a privilege log.  Whether or not involving an expert, post-

4   complaint communications also need not be logged in a privilege log.

5       8.    PROSECUTION BAR

6       Absent written consent from the Producing Party, any individual who receives

7   access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

8   CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of

9   patents or patent applications relating to website testing, including without limitation the patents

10  asserted in this action and any patent or application claiming priority to or otherwise related to

11  the patents asserted in this action, before any foreign or domestic agency, including the United

12  States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph,

13  "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting

14  the scope or maintenance of patent claims.[2]  To avoid any doubt, "prosecution" as used in this

15  paragraph does not include representing a party challenging a patent before a domestic or foreign

16  agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes*

17  reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL –

18  ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

19  information is first received by the affected individual and shall end two (2) years after final

20  termination of this action.

21

22      9.    SOURCE CODE

23      (a)    To the extent production of source code becomes necessary in this case, a

24  Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE"

25  if it comprises or includes confidential, proprietary or trade secret source code.

26

27  _____

28  [2] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

14

       (b)      Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information  including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

       (c)      Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.  In addition, the Receiving Party is to keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of source code are provided.

       (d)      The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

15

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.

10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from

16

which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"]. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the

17

1  Non-Party timely seeks a protective order, the Receiving Party shall not produce any information

2  in its possession or control that is subject to the confidentiality agreement with the Non-Party

3  before a determination by the court.  Absent a court order to the contrary, the Non-Party shall

4  bear the burden and expense of seeking protection in this court of its Protected Material.

5        12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

6        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

7  Protected Material to any person or in any circumstance not authorized under this Stipulated

8  Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

9  Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of

10  the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

11  made of all the terms of this Order, and (d) request such person or persons to execute the

12  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13        13.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

14  PROTECTED MATERIAL

15        Production of documents and information does not waive attorney-client privilege

16  or attorney work-product, and if a disclosing party requests return of materials it contends are

17  privileged, the receiving party will immediately return it, without keep copies or notes,

18  regardless of whether the receiving party deems the materials to be privileged or subject to the

19  work product doctrine.

20        14.   MISCELLANEOUS

21        14.1.   Right to Further Relief. Nothing in this Order abridges the right of any

22  person to seek its modification by the court in the future.

23        14.2.   Right to Assert Other Objections. By stipulating to the entry of this

24  Protective Order no Party waives any right it otherwise would have to object to disclosing or

25  producing any information or item on any ground not addressed in this Stipulated Protective

26  Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

27  the material covered by this Protective Order.

28

18

14.3.   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

15.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

19

1

2   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3   DATED: _July 1, 2011_

                                    Attorneys for Plaintiff
4
    DATED: _July 1, 2011_
5
                                    Attorneys for Defendant
6
    PURSUANT TO STIPULATION, IT IS SO ORDERED.
7
    DATED: _July 5, 2011_
8
                                    Honorable Jeffrey S. White
9                                   Judge of the United States District Court
                                    Northern District of California
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER                    Case No. 3:11-cv-01676-JSW

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issued by the United

States District Court for the Northern District of California on [date] in the case of _____

_____ [insert formal name of the case and the number and initials assigned to it by the

court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:_____

Printed name:_____
                    [printed name]

Signature:_____
                    [signature]

STIPULATED PROTECTIVE ORDER                                    Case No. 3:11-cv-01676-JSW